1  Craig B. Sanders, Esq. (284397)
   csanders@sanderslawpllc.com
2  SANDERS LAW, PLLC
3  100 Garden City Plaza, Suite 500
   Garden City, NY  11530
4  Telephone:  (516) 203-7600
5  Facsimile:   (516) 281-7601

6
   Attorneys for Plaintiffs
7  NATIONAL PHOTO GROUP, LLC, and
   BWP MEDIA USA INC. d/b/a PACIFIC COAST NEWS
8

9

10
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11

12

13  NATIONAL PHOTO GROUP,            Case No. 2:15-CV-08010-ODW-AGR
    LLC, and BWP MEDIA USA INC.
14  d/b/a PACIFIC COAST NEWS,

15                                   Hon. Otis D. Wright

16            Plaintiffs,
                                     **MEMORANDUM OF POINTS &**
17                                   **AUTHORITIES IN SUPPORT OF**
                                     **PLAINTIFFS' MOTION FOR**
18            vs.                    **LEAVE TO DISMISS COMPLAINT**
                                     **AS AGAINST NO CASH, INC. AND**
19                                   **BLOWOUT, INC. WITHOUT**
    NO CASH, INC. and               **PREJUDICE AND TO AMEND**
20  BLOWOUT, INC.,                   **COMPLAINT TO INCLUDE**
                                     **ALLEGEDLY CULPABLE PARTIES**
21
22            Defendants.
                                     Date: March 28, 2016
23                                   Time: 1:30 p.m.
                                     Courtroom: 11
24

25
                                     **Action Filed**: October 12, 2015
26                                   **Trial Date**: Not Yet Scheduled

27

28

---

PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES

1

## **TABLE OF CONTENTS**

2

3

I.      INTRODUCTION…………………………………………………3

II.     PROCEDURAL POSTURE…………………………………….5

III.    FACTS……………………………………………………..6

IV.     LEGAL ARGUMENT…...………………………………..12

V.      CONCLUSION………………………………………………17

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1

# **TABLE OF AUTHORITIES**

2

**Cases**

3

*Bowles v. Reade*,

4
    198 F.3d 752 (9th Cir. 1999)……………………………………………..12

5

*DCD Programs, Ltd. v. Leighton,*

6
    833 F.2d 183 (9th Cir. 1987)……………………………………………..12

7

*Forman v. Davis*,

8
    371 U.S. 178 (1962)……………………………………………...13, 16

9

*Heckethorn v. Sunan Corp*.,

10
    992 F.2d 240 (9th Cir. 1993)……………………………………13, 16

11

*Sams v. Beech Aircraft Corp.,*

12
    625 F.2d 273 (9th Cir. 1980)……………………………………….13

13

*Smith v. Lenches*,

14
    263 F.3d 972 (9th Cir.2001)……………………………………13, 16

15

*Westlands Water Dist. v. United States*,

16
    100 F.3d 94 (9th Cir. 1996)……………………………………………13

17

**Statutes**

18

19
17 U.S.C. §106……………………………………………………………………….7
17 U.S.C. §107……………………………………………………………………….7

20
17 U.S.C. §512…………………………………………………………………….7

21

22

**Rules**

23

Fed.R.Civ.P. 15(a)(2)……………………………………………………12, 16

24
Fed.R.Civ.P. 41(a)(1)(A)(ii)……………………………………………………13

25
Fed R.Civ.P. 41(a)(2)……………………………………………………13, 16

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

Plaintiffs National Photo Group, LLC ("NPG") and BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") (hereinafter collectively "Plaintiffs") are the legal and beneficial owners of a multitude of copyright-protected photographs, primarily featuring celebrities, that they license to various media outlets.  In this action, based on diligent research, Plaintiffs, in good faith, alleged that No Cash, Inc. ("No Cash") and Blowout, Inc. ("Blowout") (hereinafter collectively the "Current Defendants") illegally copied, stored and displayed certain of Plaintiffs' photographs on the website www.adultdvdtalk.com (the "Website") in violation of Plaintiffs' exclusive rights under the Copyright Act (Dkt. 1).

Despite Plaintiffs' research and findings to the contrary (*see* Dkt. 27 at ¶¶ 9-11 and Exhibits A and B thereto), the Current Defendants claimed—both in their Answer (Dkt. 22) and within correspondence—no ownership, affiliation, or responsibility for the Website whatsoever, and demanded that, based on their word alone, Plaintiffs dismiss the Complaint in its entirety with prejudice. In response, Plaintiffs described in detail the basis for their allegations and, quite reasonably, indicated a willingness to dismiss the Complaint against the Current Defendants if they provide proof that they do not own, and are not affiliated with, the Website, as well as a viable explanation for the results of Plaintiffs' research (*see* Dkt. 27 at ¶ 15 and Exhibit C thereto).

- 3 -

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Initially, the Current Defendants declined Plaintiffs' invitation, refusing to provide Plaintiffs with any information except the names of the allegedly culpable parties and a bare-bones affidavit from the Current Defendants' owner and president, Norman Baccash ("Mr. Baccash"), which did not explain the results of Plaintiffs' research (*see Id.* at ¶¶ 12-16 and Exhibit D thereto). However, on February 11, 2016, during a telephonic meet-and-confer, the Current Defendants' counsel indicated that they were providing Plaintiffs' counsel with documentation evidencing the culpable third parties and insisting, again, that upon review of such documentation, Plaintiffs dismiss the Complaint against the Current Defendants (*see Id.* at ¶¶ 19-20 and Exhibit E thereto). Upon review of such documentation, Plaintiffs' counsel proposed the filing of a joint stipulation, which would seek to dismiss the case with prejudice against the Current Defendants but amend the Complaint to substitute the allegedly culpable parties in their place (the "Stipulation"). The Current Defendants' counsel responded that they believed their clients would be amenable to that plan, and Plaintiffs' provided them with the proposed Stipulation (*see Id.* at ¶ 21 and Exhibit F thereto). However, on February 22, 2016, opposing counsel sent Plaintiffs a letter indicating a refusal to sign the Stipulation unless Plaintiffs "reimburse" Mr. Baccash for $17,000 in legal fees allegedly incurred since this action's inception (*see Id.* at ¶ 22 and Exhibit G thereto).

MEMORANDUM OF POINTS AND AUTHORITIES

In light of the Current Defendants' unreasonable and excessive demand, dishonorable bait-and-switch technique, and insistence on unnecessarily prolonging this litigation, Plaintiffs have no choice but to unilaterally ask the Court to dismiss the Complaint against the Current Defendants without prejudice, and for leave to amend the Complaint to substitute the new defendants, who the Current Defendants allege are culpable.

## II.     PROCEDURAL POSTURE

Plaintiffs commenced this action against the Current Defendants upon the filing of a Complaint with this Court on October 12, 2015 (Dkt. 1). The Summons and Complaint (hereinafter collectively the "Complaint") were served on the Current Defendants on November 5, 2015, and proof of service was filed with the Court on November 9, 2015 (Dkts. 17-18).

On November 25, 2015, the parties entered into a Stipulation fixing Current Defendants' time to Answer the Complaint to December 23, 2015 (Dkt. 19). On December 23, 2015, the Current Defendants filed an Answer to the Complaint (Dkt. 22).

On December 28, 2015, this Court issued an Order setting the parties' Scheduling Conference for Monday, March 7, 2016 at 1:30 p.m. (the "Conference"); providing Monday, March 29, 2016, as the deadline for the parties' to submit their joint report, pursuant to Federal Rule of Civil Procedure

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

("FRCP" or "Rule") 26(f); and providing Monday, February 15, 2016, as the deadline for the parties to have their Rule 26(f) meeting (Dkt. 23).

On January 27, 2016, Plaintiffs served the Current Defendants with their Initial Disclosures pursuant to Rule 26(a)(1), and on both January 29, 2016 and February 2, 2016, Plaintiffs served the Current Defendants with their First Requests for Admissions, First Set of Interrogatories, and First Requests for Production. The parties held their Rule 26(f) conference on February 11, 2016.

## III.   <u>FACTS</u>

Plaintiffs are each in the business of providing entertainment-related photojournalism goods and services (Dkt. 1 at ¶ 1).  Plaintiffs separately own the rights to a multitude of photographs featuring celebrities, which they respectively license to online, television and print publications for profit (*Id.*). Plaintiffs' photographs are original, creative works in which they own protectable copyright interests (*Id.* at ¶ 34). Unfortunately for Plaintiffs, due to the ease with which pictures can be copied, stored and (re)displayed on the Internet, Plaintiffs find themselves the frequent victim of rampant piracy. Such is the case here.

Plaintiffs commenced this action against the Current Defendants upon the discovery that a number of their copyrighted photographs were displayed on the website www.adultdvdtalk.com (the "Website") (*Id.* at ¶ 2). By copying, storing

MEMORANDUM OF POINTS AND AUTHORITIES

and (re)displaying Plaintiffs' photographs, Plaintiffs' exclusive rights, conferred

upon copyright owners under 17 U.S.C. §106, were infringed upon (*Id.* at *¶¶* 13-

17, 36-37). The infringing use of Plaintiffs' photographs was for commercial

purposes and, therefore, not protected by any of the immunities under 17 U.S.C.

§107 or §512.

Based on extensive research, and to the best of Plaintiffs' knowledge, the

Website appeared to be owned and/or operated by the Current Defendants. The

registration of the Website is private, concealed by GoDaddy.com, LLC (see

www.whois.com/whois/adultdvdtalk.com), however, Plaintiffs based their

allegations on the following well-researched connections:

(1) According to the California Secretary of State, the registered address

for No Cash is 3148 Midway Dr., Ste. 200, San Diego, California

92110, and the agent for service of process is Mr. Baccash at the same

address.

(2) According to the California Secretary of State, the registered address

for Blowout is 3148 Midway Dr., Ste. 116, San Diego, California

92110, and the agent for service of process is Mr. Baccash at the same

address.

(3) The only identifying address listed on the Website is within the

"Reviews" portion, which reflected the following address:

MEMORANDUM OF POINTS AND AUTHORITIES

"BushDVD.com – Adult DVD Talk
3148 Midway Dr. Suite 116
San Diego, CA 92110"

(4) As exemplified above, the "Reviews" portion of the Website depicts Mr. Baccash and the Current Defendants' connections to Adult DVD Talk and the Website, as well as to another website, BushDVD.com.

(5) The registration for the BushDVD.com is public, and it demonstrates that it is registered to No Cash as well with a P.O. Box in San Diego, California.

(*see* Dkt. 27 at ¶¶ 9-11 and Exhibits A and B thereto).

Suffice it to say, on its face it appeared to Plaintiffs, prior to commencing the instant litigation, that Mr. Baccash and the Current Defendants were the owners, or, at the very least, the operators of the Website, as they are clearly intimately connected to all of these entities / websites (e.g., No Cash, Inc., Blowout, Inc., BushDVD.com, Adult DVD Talk), which all share the same address, albeit different suite numbers (*Id.*).

On or about October 22, 2015, the Current Defendants' counsel advised Plaintiffs' counsel of Mr. Baccash and the Current Defendants' position that they are not the owners or operators of the Website, and insisted that Plaintiffs dismiss the case on these grounds (*Id.* at ¶ 12). Plaintiffs' counsel responded that they could not do so unless they had more information (i.e., proof that the Current Defendants were not, in fact, the owners or operators of the Website)

- 8 -

1    (*Id.*). The Current Defendants' counsel verbally conveyed their belief that the

2    true owners and operators of the Website were one Mark Smith and one

3

4    Stephanie Dunn and agreed to provide documented proof of such ownership, the

5    name of Mr. Smith and Ms. Dunn's company, and appropriate contact

6    information (*Id.*).

7

8         In early November 2015, the Current Defendants' counsel phoned

9    Plaintiffs' counsel, provided the name of Mr. Smith and Ms. Dunn's company

10   ("Chaos Inc.") but no other information (*Id.* at ¶ 13). Once again, Plaintiffs'

11

12   counsel asserted that it required proof that Ms. Smith, Ms. Dunn, and/or Chaos,

13   Inc. are the true owners and operators of the Website (*Id.*).

14        On November 10, 2015, counsel for the Current Defendants wrote

15

16   Plaintiffs' counsel, alleging a Rule 11(b) violation and demanding that Plaintiffs

17   dismiss the Complaint against No Cash and Blowout (*Id.* at ¶ 14 and Exhibit C-1

18   thereto).

19
     On November 17, 2015, Plaintiffs' counsel responded by explaining the
20
21   results of their research and the good-faith basis for their evidentially supported

22   belief that the Current Defendants own and/or operate the Website that satisfies

23
     Rule 11(b) by a long shot. (*Id.* at ¶ 15 and Exhibit C-2 thereto). However,
24
25   Plaintiffs invited the Current Defendants to provide either (a) proof that the

26   Current Defendants do not own or operate the Website, as previously requested;

27
     or (b) a sworn affidavit by Mr. Baccash attesting to the Current Defendants'
28

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4

non-ownership and non-operation of the Website and explaining the results of Plaintiffs' research. Upon the provision of (a) or (b), Plaintiffs would re-evaluate the instant litigation in light thereof and dismiss the case if appropriate (*Id.*).

5
6
7
8
9

On November 25, 2015, Mr. Baccash provided Plaintiffs with a bare-bones affidavit, which contained little more than the naked assertion that neither he nor the Current Defendants owned or operated the Website (*Id.* at ¶ 16 and Exhibit D thereto).

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On November 30, 2015, Plaintiffs' counsel advised counsel for the Current Defendants that Mr. Baccash's affidavit is insufficient, failing to explain the Website's use of Mr. Baccash's corporate address despite Mr. Baccash's assertion that neither he nor the Current Defendants are in any way affiliated with the Website (*see Id.* at ¶ 17 and Exhibit C-3 thereto). Plaintiffs' counsel requested that the Current Defendants provide the location of Mr. Smith and Ms. Dunn (i.e., where they can be served / contacted, since, at that time, the only address Plaintiffs had for them was Mr. Baccash's address) and a letter from Mr. Smith, Ms. Dunn, or their attorney acknowledging ownership of the Website. (*Id.*). Notwithstanding Plaintiffs' request, Defendants refused to provide any address, other than Mr. Baccash's, where Mr. Smith, Ms. Dunn, or Chaos, Inc. could be served or contacted; refused to provide any proof or acknowledgement that such individuals and entity are the true owners and operators of the Website; and refused to even explain the basis for such belief.

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On December 23, 2015, Defendants filed their Answer (Dkt. 22), which also contained naked assertions and denials.

On February 11, 2016, the parties held a Rule 26(f) conference, during which the Current Defendants' counsel indicated that they would now provide Plaintiffs' counsel with documentation evidencing the culpable third parties (*see* Dkt. 27 at ¶ 19 and Exhibit E thereto). Counsel insisted that upon review of such documentation, Plaintiffs dismiss the Complaint against the Current Defendants (*Id.*). While the documentation provided still failed to explain the nature of the Current Defendants' and Mr. Baccash's relationship with Ms. Dunn, Mr. Smith, and Chaos, Inc., or explain the results of Plaintiffs' research, it did, at the very least, provide addresses for contacting the allegedly culpable parties as well as a basis of the Current Defendants' belief that they are responsible for the conduct alleged in the Complaint (*see Id.* at ¶ 20 and Exhibit E thereto).

After reviewing the documentation, Plaintiffs' counsel proposed that the parties file a joint stipulation, which would seek to dismiss the case with prejudice against the Current Defendants but amend the Complaint to substitute the allegedly culpable parties in their place (the "Stipulation") (*see Id.* at ¶ 21 and Exhibit F thereto). The Current Defendants' counsel responded that they believed their clients would be amenable to that plan, and Plaintiffs' counsel subsequently provided them with the proposed Stipulation for their review (*Id.*).

- 11 -
MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On February 22, 2016, opposing counsel sent Plaintiffs a letter indicating a refusal to sign the Stipulation unless Plaintiffs "reimburse" Mr. Baccash for $17,000 in legal fees allegedly incurred since this action's inception (*Id.* at ¶ 22 and Exhibit G). In light of the Current Defendants' unreasonable and excessive demand, dishonorable bait-and-switch technique, and insistence on unnecessarily prolonging this litigation, Plaintiffs have no choice but to make the instant Motion. For all these reasons, as well as those set forth below herein, Plaintiffs respectfully request that this Court issue an Order dismissing the Complaint against the Current Defendants without prejudice, and granting Plaintiffs leave to amend the Complaint to substitute the new defendants, who the Current Defendants allege are culpable, together with such other and further relief as this Court deems just, equitable and proper.

## IV.   LEGAL ARGUMENT

Rule 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, and that the court should freely give leave when justice so requires. FRCP 15(a)(2); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *see also DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) (policy of freely granting leave to amend should be applied with "extreme liberality"). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1)

- 12 -
MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 41(a)(1)(A)(ii) states that a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Pursuant to 41(a)(2), however, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision to grant or deny a request pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and is reviewed only for an abuse of discretion. *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 277 (9th Cir. 1980). Dismissal pursuant to Rule 41(a)(2) should be granted unless the defendant can show that it will suffer some clear legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001). A court cannot impose fees and costs as a condition of voluntary dismissal absent some basis other than the mere fact of the plaintiff's request for Rule 41(a)(2). *Heckethorn v. Sunan Corp*., 992 F.2d 240, 242 (9th Cir. 1993). A court also may not award attorneys' fees for work which can be used in any future litigation of the plaintiff's claims. *Westlands Water Dist. V. United States*, 100 F.3d 94, 97-98 (9th Cir. 1996).

In the instant case, the Current Defendants have refused to stipulate to dismiss the Complaint against them and consent to Plaintiffs amending the Complaint to substitute the third parties the Current Defendants allege are

- 13 -

MEMORANDUM OF POINTS AND AUTHORITIES

culpable in their place *unless* Plaintiffs agree to pay the exorbitant amount of $17,000 in attorneys' fees allegedly expended by the Current Defendants' counsel in this matter. The Current Defendants' position is unjustified for four reasons.

First, there is no possible way that the Current Defendants' counsel could have incurred $17,000 worth of legal fees in defending this matter, given that this litigation is in its primary stages, there have been no scheduling conferences or court appearances to date, and the Current Defendants have neither served their written discovery demands on Plaintiffs or responded to Plaintiffs' written discovery demands. Indeed, the only substantive filing by the Current Defendants in this case so far is their Answer (Dkt. 22), which essentially denied everything.

Second, if the Current Defendants contend that this high fee amount is attributable to the extensive back-and-forth correspondence between the parties' counsel and research into ownership of the Website, Plaintiffs' counsel have similarly expended *at least* the same amount of time and effort—and likely much more, given their extensive research on, investigation into, and discovery demands drafted with an eye toward determining the true owners and operators of the Website and the connection of Mr. Baccash and his companies thereto— which amounts to far less than what the Current Defendants are demanding.

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12

Third, the Current Defendants could have put an end to this back when the Complaint was first filed, by simply providing Plaintiffs with the requested information. In effect, while Plaintiffs explained, in detail, the basis for their diligently researched, good-faith belief that Mr. Baccash, No Cash, and Blowout are the responsible parties, the Current Defendants presented no evidence whatsoever to discharge Plaintiffs' belief. Instead, the Current Defendants took the position that it was not their role to provide such information to Plaintiffs, notwithstanding the fact that such information was and is, without question, within Mr. Baccash's possession and control all along.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Fourth, Plaintiffs were only able to surmise that the Current Defendants were owners or operators of the Website because the Current Defendants' address was listed in an official portion of the Website (i.e., not within a forum or other place where users can comment / post), and because the Current Defendants' address was listed directly under the words "BushDVD.com" (the name of another website which the Current Defendants admittedly own and operate but which is not at issue in this case) and the words "Adult DVD Talk," whose Website is at issue in this litigation. Plaintiffs' reasonable belief that the Current Defendants were the owners and operators of the Website stemmed from this address listing, which is the fault of the Current Defendants, not Plaintiffs.

28

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Further, Plaintiffs are not seeking to amend the Complaint in bad faith, to prejudice the Current Defendants, or to cause undue delay, and such an amendment would not be futile. *Forman*, 371 U.S. at 182. Plaintiffs are merely seeking to hold the proper party liable, "as justice so requires," for violating their exclusive rights in their copyrights, as alleged in the Complaint. FRCP 15(a)(2). Indeed, Plaintiffs are seeking to dismiss the action without prejudice against the Current Defendants on terms that the Court considers proper and substitute the new, allegedly culpable defendants, Ms. Dunn, Mr. Smith, and Chaos, Inc. FRCP 41(a)(2). As the Current Defendants cannot show that they will suffer clear legal prejudice as a result of the dismissal (ironically, the Current Defendants were previously requesting such a dismissal, which would be to their benefit) and there is no basis for the Court to impose fees and costs as a condition of such voluntary dismissal, the Court should grant the instant Motion and dismiss the Complaint without prejudice against the Current Defendants. *Smith*, 263 F.3d at 975; *Heckethorn*, 992 F.2d at 242.

In light of the foregoing, it is unreasonable, unjustified, and unnecessary to require Plaintiffs to pay Mr. Baccash's supposed $17,000 in legal fees in exchange for the Current Defendants' consent to dismiss No Cash and Blowout from the Complaint and to amend the Complaint to reflect the allegedly culpable parties, Ms. Dunn, Mr. Smith, and their company Chaos, Inc. The Current Defendants have left Plaintiffs with no choice but to seek the Court's leave to

- 16 -

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4

amend its pleading—which leave should be freely given when, as here, justice so requires—and to dismiss this action against the Current Defendants without prejudice on terms that the Court considers proper.

5

6

## V.    <u>CONCLUSION</u>

7

For all of these reasons, Plaintiffs respectfully request that the Court

8
9
10

dismiss the Complaint against the Current Defendants without prejudice and grant Plaintiffs leave to amend the Complaint to substitute the new defendants,

11

who the Current Defendants allege are culpable, in their place.

12

13

Dated:  February 25, 2016

14

SANDERS LAW, PLLC

15

16

17

/s/ Craig B. Sanders_____
Craig B. Sanders, Esq. (284397)

18

csanders@sanderslawpllc.com
100 Garden City Plaza, Suite 500

19

Garden City, NY  11530

20

Telephone:  (516) 203-7600
Facsimile:   (516) 281-7601

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES